

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| CHARLES PHILIP TOUSSAINT, M.D., § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | CIVIL ACTION NO. 3:15-02778-MGL | |
| § | | |
| PALMETTO HEALTH and GRETA S. § | | |
| HARPER, § | | |
| Defendants. § | | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Charles Philip Toussaint, M.D. (Plaintiff), filed this case as an employment discrimination action. The parties are represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendant Palmetto Health (Palmetto Health) and Defendant Greta S. Harper's motion for summary judgment be denied as to Plaintiff's claim for violation of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4311 (USERRA claim), and granted as to Plaintiff's defamation claim. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de

1

novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the [C]ourt to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not—and will not—address any of Plaintiff's arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

The Magistrate Judge filed the Report on April 3, 2017, Plaintiff filed his objections to the Report on April 17, 2017, and Defendants filed their reply on May 1, 2017. The Court has reviewed Plaintiff's objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

At the outset, the Court notes neither Plaintiff nor Defendants lodged an objection to the Magistrate Judge's recommendation Defendants' motion for summary judgment be denied as to Plaintiff's USERRA claim. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985). Thus, because the Court has "satisf[ied] itself that there is no clear error on the

face of the record[,]" *Diamond*, 416 F.3d at 315, it will adopt the portion of the Report recommending Defendants' motion for summary judgment be denied as to Plaintiff's USERRA claim.

Instead, Plaintiff first objects to the Magistrate Judge's suggestion Defendants be granted summary judgment on his defamation claim. Plaintiff contends the Magistrate Judge erroneously concluded Palmetto Health's patient communications were not reasonably capable of conveying a defamatory meaning. Plaintiff asserts the Magistrate Judge improperly disregarded and misconstrued patient testimony purportedly showing certain patients reasonably inferred from Palmetto Health's statements Plaintiff had abandoned them. The Court is unable to agree.

Defamation "need not be accomplished in a direct manner" and a "mere insinuation is as actionable as a positive assertion if it is false and malicious and the meaning is plain." *Tyler v. Macks Stores of S.C., Inc.*, 272 S.E.2d 633, 634 (S.C. 1980). Although truth provides a complete defense to defamation, an untrue innuendo or inference drawn from the true statement may nonetheless give rise to liability, *see Adams v. Daily Tel. Co.*, 356 S.E.2d 118, 122 (S.C. Ct. App. 1986), but the inference must be reasonable, *Fountain v. First Reliance Bank*, 730 S.E.2d 305, 310 (S.C. 2012).

Plaintiff makes no contention the letter from Palmetto Health to patients regarding Plaintiff's separation or Palmetto Health's internal "talking points" memorandum were false. Rather, Plaintiff urges these communications created the reasonable inference that Plaintiff abandoned his patients. Citing affidavits provided by five of Plaintiff's current patients, Plaintiff states the inference of abandonment was reasonable, particularly in light of the fact these patients drew this exact inference. Plaintiff is mistaken.

3

Although insinuation can serve as the basis for a defamation claim in South Carolina, that is an exception to the general rule truth is a complete defense to defamation. *See Adams*, 356 S.E.2d at 122. Here, Plaintiff has admitted the truth of Palmetto Health's patient communications. The Court declines the invitation to expand this narrow exception to South Carolina defamation law to situations where the parties have agreed the communications made were factually accurate.

Furthermore, Palmetto Health's communications provide no indication Plaintiff abandoned his patients. In communicating with patients, Palmetto Health's statement merely informed patients Plaintiff "will no longer practice at Palmetto Health Neurosurgery Associates." ECF No. 41-3 at 70. In light of these facts, the Court holds, to the extent Plaintiff's patients formed assumptions Plaintiff had abandoned them after Palmetto Health's communications, such assumptions are objectively unreasonable based on the record before the Court.

Plaintiff next maintains the Magistrate Judge failed to consider all extrinsic facts and circumstances, including the unique and special nature of the patient-physician relationship and healthcare providers' duty to provide full and accurate information to patients regarding a physician's departure from a practice. Plaintiff also avers the Magistrate Judge impermissibly considered Palmetto Health's knowledge of the facts at the time its staff made the allegedly defamatory statements as opposed to the facts known to Plaintiff's patients. Plaintiff insists Palmetto Health had constructive knowledge of his employment with Lexington Medical Center but refrained from communicating that information to his patients. The Court is unpersuaded.

Although Plaintiff cites to the American Medical Association Code of Medical Ethics to imply Palmetto Health violated its ethical duties, the evidence demonstrates Palmetto Health properly informed patients of Plaintiff's departure. Plaintiff seeks to impose on Defendants the

4

responsibility to infer knowledge of his new employment based on rumors in the workplace and an e-mail asking Palmetto Health to release Plaintiff's personal belongings to an individual named John Moore. This scant evidence is insufficient to constitute notice to Defendants of Plaintiff's new employment with Lexington Medical Center. As noted by the Magistrate Judge, Defendants were arguably not even permitted to make assumptions about the status of Plaintiff's employment based on this e-mail and these rumors. The actions taken by Defendants were in line with their ethical duties, avoiding speculation and informing patients of what they knew to be true and nothing more: Plaintiff no longer worked at Palmetto Health.

In sum, the Court is convinced the Magistrate Judge considered the context of the statements made and viewed the facts in the light most favorable to Plaintiff. The Court will therefore overrule Plaintiff's objections.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court Defendants' motion for summary judgment is **DENIED** as to Plaintiff's USERRA claim and **GRANTED** as to Plaintiff's defamation claim.

**IT IS SO ORDERED**.

Signed this 10th day of May, 2017, in Columbia, South Carolina.

> s/ Mary Geiger Lewis
> MARY GEIGER LEWIS
> UNITED STATES DISTRICT JUDGE